# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LARRIE FITZGERALD**                                                                 **PLAINTIFF**

**AND**

**KENWOOD HOLDING COMPANY, INC. AND**
**MISSISSIPPI INSURANCE GUARANTY ASSOCIATION**
**(AS SUCCESSOR TO MS CASUALTY INSURANCE COMPANY,**
**IN LIQUIDATION)**                                **INTERVENORS**

**VS.**                            **CIVIL ACTION NUMBER: 4:04CV179-P-B**

**CONVERTING MACHINES, INC.**                                    **DEFENDANT**

## ORDER APPROVING THIRD PARTY SETTLEMENT

This cause came on this day for hearing before the Court on the sworn Petition for Approval of Third Party Settlement of Larrie Fitzgerald, Plaintiff, seeking authority for and approval of a compromise settlement as set out in said Petition. The Petition was joined in by Plaintiff's Employer, Kenwood Holding Company, Inc, Intervenor, and The Mississippi Insurance Guaranty Association, Intervenor, as Successor in Interest to MS Casualty Insurance Company, in Liquidation, the Employer's workers' compensation carrier, and Converting Machines, Inc., Defendant.

The Court finds that Plaintiff has asserted a claim against Defendant on account of the injuries allegedly received in this accident. Intervenors, pursuant to the Mississippi Workers' Compensation Act, have also asserted a claim against

Defendant for recovery of sums which they have expended for Mississippi workers' compensation benefits as a result of these injuries sustained by Plaintiff. The Court further finds that Plaintiff, Intervenors, and Defendant have negotiated a compromise settlement of all claims as follows: Plaintiff has agreed to accept and Defendant has indicated a willingness to pay the sum of $15,000.00 in a lump sum (said amount has already been tendered by Defendant to Plaintiff's attorney, Ellis Turnage), with the settlement proceeds to be distributed as follows: $13,140.07 to Ellis Turnage, as attorney fees and costs of collection; and $1,859.93 payable to Plaintiff; the Intervenors have agreed to waive their entire statutory lien out of the settlement proceeds in exchange for a credit of $1,859.39 as against any liability they might have to Plaintiff for future medical benefits pursuant to Miss. Code Ann. § 71-3-15 (1972). Said settlement shall therefore represent (1) a compromise settlement of any and all claims and demands which Plaintiff might have against Defendant for any and all claims of every nature under any theory of law whatsoever; (2) a credit of $1,859.39 for future medical benefits which Plaintiff might have against Intervenors; and (3) a compromise settlement of any and all claims which Intervenors might have against Defendant. In return for the above-stated consideration, Plaintiff and Intervenors have agreed to execute full and complete releases in favor of Defendant for any and all claims of every nature, whether known or unknown, which any and all of them might have or hereafter have against Defendant. The Court has examined the Petition and the compromise settlement proposed therein; has determined that Plaintiff is represented by competent legal counsel and is fully advised in the premises; and the Court is of the

2

opinion that the proposed settlement is just, fair and equitable, is in the Plaintiff's best interest, and that the prayer of the Petition should be granted.

The Court finds that Plaintiff, Intervenors, and Defendant have bona fide disputes and disagreements as set out in the Petition. The Court further finds that the nature of the dispute in this case is such that the Court has authority to approve this settlement pursuant to the provisions of Miss. Code Ann. § 71-3-71 (1972).

The Court further finds that Plaintiff has employed Ellis Turnage, Attorney at Law, as his personal attorney and representative and has counseled with said attorney as to all matters pertinent to this claim. Plaintiff and his attorney agree that this settlement as proposed would be, all things considered, in the best interest of Plaintiff. Plaintiff's attorney has rendered the usual services and is entitled to a reasonable fee as provided by law, and Plaintiff requests authority to pay this fee out of the proceeds of this settlement. Plaintiff and his attorney affirmatively state that said attorney is the only and exclusive attorney for Plaintiff in this matter, and they are aware of no other claims for attorney's fees arising out of this claim or these proceedings; however, should the parties be mistaken in that regard, Plaintiff and/or his attorney shall be solely liable for any such attorney's fee claim, and they hereby agree to indemnify and hold harmless the Intevenors and Defendant in the event further claim for attorney's fees is made.

IT IS, THEREFORE, ORDERED that the proposed settlement be, and the same is hereby, approved as being in the best interest of Plaintiff and that upon consummation of this settlement, Defendant be, and it is hereby, fully, finally, and

forever acquitted and discharged from any and all liability to Plaintiff on account of all personal injuries sustained by Plaintiff in this accident and from all liability to Intervenors on account of the aforesaid subrogation rights.

IT IS FURTHER ORDERED that Intervenors be, and they are hereby, entitled to a credit as set forth herein against future liability for medical benefits under the provisions of Miss. Code Ann. § 71-3-15 (1972) on account of all accidental injuries sustained by Plaintiff as set out in the Petition.

IT IS FURTHER ORDERED that Plaintiff be and he is hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Defendant may require evidencing its complete release in the premises.

IT IS FURTHER ORDERED that Intervenors be and they are hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Defendant may require to evidence their full release of all subrogation rights, known or unknown, of the Intervenors.

Plaintiff is authorized to pay to Ellis Turnage, his attorney, a reasonable fee as provided by law out of the proceeds of this settlement and as set forth herein.

ALL OF WHICH IS SO ORDERED, this the 8th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

Approved by:

s/Ellis Turnage
Ellis Turnage, Esq.
MS Bar No. 8131
P.O. Box 216
Cleveland, MS  38732
(662) 843-2811
ATTORNEY FOR PLAINTIFF

s/Terry B. Germany
Terry B. Germany, Esq.
MS Bar No. 4801
ANDERSON, CRAWLEY & BURKE, PLLC
P.O. Box 2540
Ridgeland, MS 39158
Telephone:  (601) 977-8977
Facsimile:  (601) 977-9975
Email: Terry.Germany@AndersonCrawley.com
ATTORNEYS FOR INTERVENORS


s/Kenneth T. O'Cain
Kenneth T. O'Cain, Esq.
MSB No. 101124
Scott, Sullivan, Streetman & Fox, P.C
P.O. Box 13847
Jackson, MS  39236-3847
(601) 607-4800
ATTORNEYS FOR DEFENDANT